UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 18, 2019

LETTER TO COUNSEL

      RE:   *Trena Y. v. Commissioner, Social Security Administration*;
               Civil No. SAG-18-938

Dear Counsel:

On April 2, 2018, Plaintiff Trena Y. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits. ECF 1. I have considered the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 17, 20, 21. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed her claim for benefits on November 12, 2013, alleging an onset date of July 5, 2010. Tr. 189-95. Her claim was denied initially and on reconsideration. Tr. 108-11, 118-19. A hearing was held on May 14, 2015, before an Administrative Law Judge ("ALJ"). Tr. 42-69. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 20-41. The Appeals Council declined review. Tr. 1-5. Plaintiff then appealed the decision to this Court, and the case was remanded for further consideration. Tr. 875-81. An ALJ held a second hearing on November 29, 2017. Tr. 803-34. On December 11, 2017, the ALJ issued an opinion again denying benefits. Tr. 777-802. The ALJ's 2017 decision is the final, reviewable decision of the SSA. *See* 20 C.F.R. § 404.984 (ALJ's decision after Federal court remand is final decision unless Appeals Council assumes jurisdiction).

The ALJ found that Plaintiff suffered from the severe impairments of "anxiety disorder; affective disorder; attention deficit hyperactivity disorder; Raynaud's syndrome; cervical, thoracic, and lumbar spine degenerative disc disease." Tr. 782. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) with lifting-carrying up to 10 pounds, standing-walking for 2 hours and sitting 6 hours in an 8-hour workday; only occasional climbing ramps-stairs, balancing, stooping, kneeling, crouching, crawling; no climbing ladders-ropes-scaffolds; only occasional exposure to cold extremes or respiratory irritants (such as

      fumes/odors/dust/gases/poorly ventilated areas); limited to simple, routine tasks, in entry level unskilled work; with routine, customary breaks after about 2-hour periods of work; in a low stress job (defined as involving only occasional independent decision making and occasional changes in the work setting); requiring only occasional interaction with the public, co-workers, and supervisors; all interactions with others should be brief and superficial.

Tr. 785-86. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform her past relevant work, but could perform other jobs existing in the national economy. Tr. 792-93. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 793.

On appeal, Plaintiff contends that the ALJ's RFC assessment runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). I agree that the ALJ's analysis did not comply with *Mascio*, and I therefore grant remand under sentence four. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 637-38. At step three of the sequential evaluation, the SSA determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2017). Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00 (2017). The relevant listings therein consist of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* §§ 12.00(A), (G). A claimant's impairments meet the listings relevant to this case by satisfying either the paragraph A and paragraph B criteria, or, under certain listings, the paragraph A and paragraph C criteria. *Id.* § 12.00(A).

Paragraph B consists of four broad functional areas including: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. *Id.* § 12.00(A)(2)(b). The functional area of concentration, persistence, or pace "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." *Id.* § 12.00(E)(3).

The SSA employs the "special technique" to rate a claimant's degree of limitation in each functional area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 404.1520a(b), (c)(2) (2017). The SSA uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. *Id.* § 404.1520a(c)(4). A moderate limitation signifies that the claimant has only a fair ability to

function in the relevant area of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(F)(2)(c) (2017).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

At step three in the instant case, the ALJ found that Plaintiff had moderate limitations maintaining concentration, persistence, or pace. Tr. 785. The entirety of the ALJ's analysis stated:

> With regard to concentrating, persisting, or maintaining pace, the claimant had a moderate limitation. The claimant reported problems with completing tasks, concentration, and following instructions, but she was able to drive a car and go out alone.

*Id.* (internal citations omitted).

In the remainder of the ALJ's RFC assessment, he acknowledges that several physicians had noted Plaintiff's specific issues with persistence. *See* Tr. 788 ("Her ability to maintain persistence was described as being negatively affected by chronic pain and weakness, and Dr. Hershberger thought her anxiety and depression would cause her distress in regard to persistence. Dr. Hershberger also opined that the claimant's physical concerns accompanied by depression and panic attacks would likely cause her difficulty with persisting with adaptive functioning."); Tr. 790-91 (noting that Dr. Callis had found either extreme or marked limitations in concentration, persistence, or pace); Tr. 791 (stating that earlier Stage agency experts had "determined that the claimant might have difficulties with persistence"). Despite these findings, the ALJ's analysis does not discuss Plaintiff's ability to persist at work-related tasks over an 8-hour workday. The only RFC provision specifically targeted toward persistence is the requirement of "routine, customary breaks after about 2-hour periods of work." Tr. 785-86. As noted by the ALJ, those standard breaks are encompassed within a normal workday, and are not specific limitations designed to address Plaintiff's particular persistence issues. *See* SSR 96-9p, 1996 WL 374185 (S.S.A. July 2, 1996) (describing a normal workday as including a morning break, lunch period, and afternoon break at approximately two-hour intervals, and noting that the occupational base is

not eroded by those regular breaks). While the Commissioner contends that other RFC limitations such as changes in the work setting and interaction with co-workers can address concentration, persistence or pace, ECF 20-1, the ALJ did not claim those provisions were meant to address Plaintiff's persistence issues. To the extent that Plaintiff's persistence problems stemmed from her chronic pain, anxiety, and depression, as the doctors suggested, limited social interaction and workplace changes would have little to no effect.

Ultimately, then, the ALJ did not provide any express analysis of Plaintiff's ability to persist at work tasks for this Court to review on appeal. The cursory nature of the ALJ's rationale for the "moderate limitation" does not permit me to understand the ALJ's reasoning, or to ascertain why the ALJ believed normal workday breaks sufficient to address Plaintiff's problems with persistence. In light of these inadequacies, I must remand the case to the SSA for further analysis consistent with the Fourth Circuit's mandate in *Mascio*.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order will issue.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge